# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD JEFFERSON DEIBEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-03791-TWP-MJD ) |
| LARRY HOEG, AARON HOEG, and ROGER STEFFEN, | ) ) ) |
| Defendants. | ) ) |

## ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE OR FOR NOTICE AND LIMITATION

This matter is before the Court on a Motion to Exclude or for Notice and Limitation ([Filing No. 21](#)) ("Motion to Exclude") filed by Plaintiff Richard Jefferson Deibel ("Deibel"). Following the sale of a corporation in which he was a shareholder, Deibel filed suit against Defendants Larry Hoeg, Aaron Hoeg, and Roger Steffen (collectively, "Defendants")—other shareholders of the corporation—for claims of breach of fiduciary duty, conversion, and criminal conversion. The Defendants promptly filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting a bar by the applicable statutes of limitations, and attached nine documents to the brief supporting dismissal. Five days later, Deibel filed this Motion to Exclude, asking the Court to exclude the Defendants' exhibits attached to their motion to dismiss. Deibel asked the Court, in the alternative, to convert the motion to dismiss into a motion for summary judgment, allow him to respond to a summary judgment motion, and prohibit the Defendants from filing any additional summary judgment motions without leave of court. For the following reasons, the Court **grants** Deibel's Motion to Exclude.

When ruling on a Rule 12(b)(6) motion to dismiss, courts examine the allegations in the complaint to determine whether the allegations support a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When making this determination, courts are limited to examining the pleadings, which consist generally of the complaint and any exhibits or documents attached to or referenced in the complaint. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431–32 (7th Cir. 1993); *Gee v. Metaldyne Corp.*, 2008 U.S. Dist. LEXIS 92997, at *2 (S.D. Ind. Nov. 14, 2008). The Seventh Circuit has recognized one exception to this rule. Courts may consider the documents attached to a motion to dismiss and still evaluate the motion under Rule 12(b)(6) if the documents are referred to in the plaintiff's complaint and the documents are central to the plaintiff's claim. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). However, as Deibel notes, this is a "narrow exception." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

Deibel argues that the documents attached to the Defendants' motion to dismiss were not referred to in his Complaint and are not central to his claims. Thus, the documents must be excluded and not considered by the Court when deciding the motion to dismiss. Here, the Complaint did not refer to any documents, and this is not a case involving a breach of contract claim where Defendant neglected to attach a copy of the relevant contract to his pleading. Deibel argues that, alternatively, the Court may consider the Defendants' exhibits and convert the motion to dismiss into a motion for summary judgment and allow him to respond to the factual matters raised in the exhibits.

The Defendants respond that it is appropriate and permissible for the Court to consider the documents attached to their motion to dismiss when deciding that motion because the documents are "integral to the claims in the pleading." (Filing No. 23 at 2.) Citing but not quoting *Rosenblum*

*v. Travelbuys.com Ltd.*, the Defendants assert, "Extrinsic evidence may be considered part of a complaint when it is: (1) attached to the pleading; (2) incorporated by reference in the pleading; or (3) **the court deems the evidence integral to at least one claim in the pleading**." *Id.* at 4 (citing *Rosenblum v. Travelbuys.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002)) (emphasis added by the Defendants). They argue that Deibel artfully pleaded his Complaint to avoid important facts that would doom his claims, and the documents attached to the motion to dismiss provide these missing facts that are integral to the claims. The Defendants further argue,

> After reviewing the integral documents attached to Defendants' Motion to Dismiss, this Court should determine, through its own experience and common sense, Plaintiff's claims are time barred. Whether it is through Defendants' Motion to Dismiss or converted as a motion for summary judgment, Defendants respectfully submit that the outcome of dismissal is inescapable.

*Id.* at 3–4.

The Defendants also assert that courts may consider judicially noticed documents, such as documents contained in the public record, without converting a motion to dismiss into a motion for summary judgment. *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). The 1989 complaint attached to the motion to dismiss is a public record; therefore, the Defendants assert, the Court may take judicial notice of that document without converting the motion to dismiss into a summary judgment motion.

The Defendants argue,

> It would be counterproductive and untenable if Defendants were forced to file a motion for summary judgment on statute of limitations grounds <u>after</u> the completion of discovery in case (especially when undisputed evidence exists to support that the claims are time barred). Such a scenario is unreasonable and inefficient as it will result in significant delays and costs, including months of discovery.

([Filing No. 23 at 9](Filing No. 23 at 9).)

The case upon which the Defendants rely for the proposition that the Court may consider extrinsic evidence without converting a motion to dismiss into a summary judgment motion actually states, "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint *and* are central to his claim." *Rosenblum*, 299 F.3d at 661 (emphasis added). In the Seventh Circuit, district courts may consider documents attached to a motion to dismiss when they are "central to the complaint and are referred to in it." *Doermer v. Callen*, 847 F.3d 522, 526 (7th Cir. 2017).

Nowhere in Deibel's Complaint does he cite to, quote from, refer to, or incorporate the documents that the Defendants attached to their motion to dismiss. The Defendants argue that the documents supply the missing facts that are central to Deibel's claims; however, the "missing key facts" provided by the documents appear to be more integral to the Defendants' statute of limitations affirmative defense than to Deibel's claims. Thus, the Defendants' documents do not qualify as being "part of the pleadings" for purposes of a Rule 12(b)(6) motion to dismiss.

While it may not be most efficient to exclude the Defendants' documents attached to their motion to dismiss, efficiency is not the only concern of the Federal Rules of Civil Procedure. Even if the Defendants believe that the outcome of dismissal is inevitable, this is not a basis to skirt the Rules and deprive a party of the procedural protections afforded by the Rules. The different standards under Rule 12(b) and Rule 56 provide important protections to the parties, and the Defendants' request that the Court consider their extrinsic evidence to fill in the void of factual content is improper at the Rule 12(b) dismissal stage.

The Defendants' proffer of evidence to establish undisputed facts in an effort to obtain early dismissal is the very purpose of a Rule 56 motion for summary judgment. In other cases, this Court previously has allowed, upon the request of parties, early motions for summary judgment

on preliminary issues, such as statute of limitations or sovereign immunity, while allowing parties to later file summary judgment motions on the merits of the claims after discovery. No such request has yet been made in this case.

The Court's review is limited to the pleadings when considering a Rule 12(b)(6) motion; therefore, the Court **GRANTS** Deibel's Motion to Exclude (Filing No. 21) and excludes the documents attached to the Defendants' motion to dismiss with the exception of the 1989 complaint filed at Filing No. 17-7.[1] The Court previously ordered, "Plaintiff is granted an extension to file his Response to Defendant's Motion to Dismiss, and Plaintiff's response to shall be filed no later than twenty-one (21) days after this Court rules on Plaintiff's pending Motion to Exclude or for Notice and Limitation (Dkt. 21)." (Filing No. 26 at 1.) Plaintiff's twenty-one (1) days deadline begins today.

**SO ORDERED.**

Date: 4/8/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com

Patrick F.X. Fitzpatrick
TAFT STETTINIUS & HOLLISTER LLP
pfitzpatrick@taftlaw.com

Brad A. Catlin
PRICE WAICUKAUSKI JOVEN &
CAITLIN, LLC
bcatlin@price-law.com

Brittany Lyn Shaw
BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP
bshaw@taftlaw.com

---

[1] "As a general rule, we may take judicial notice of public records not attached to the complaint in ruling on a motion to dismiss under Rule 12(b)(6)." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1097 n.1 (7th Cir. 2015). The 1989 complaint is a public record of which the Court can take judicial notice and consider when deciding the Defendants' motion to dismiss under Rule 12(b)(6).

5